## JAMES GUTHRIE'S EX'ORS. v. JAMES STEVENS, ETC.

**Appeals and Errors—Second Appeal—Former Appeal—Law of the Case.**
On the second appeal the law as expounded on the first must prevail as to the questions involved.

**Municipal Corporations—Presumption as to Ordinance.**
An ordinance passed by a city council must be presumed prima facie to have been passed in accordance with the charter.

**Municipal Corporations—Improvement of Streets—Lien—Personal Judgment.**
As the statute gives to the appellee a lien on the property improved for the cost of improving it, and as that is the only relief sought, and the only remedy to which he is entitled, it was error to render a personal judgment against appellant.

APPEAL FROM LOUISVILLE CHANCERY COURT.

May 15, 1871. Reversed, 1871. Modified, May 25.

OPINION BY JUDGE PETERS:

This case has heretofore been before this court, and the opinion then delivered, and the law as therein expounded must prevail in the final determination of the questions involved. It was then

decided that the facts set forth on the original and amended petitions constituted a good cause of action against appellants testator, and as the allegations thereof are sustained by the ordinances passed by the city council exhibited which must be presumed *prima facie* to have been passed in accordance with the charter of the city and the evidence. We concur in opinion with the chancellor that appellants failed to make out an available defense to the suit. But as the statute gives to the appellee a lien on the property improved for the cost of improving it, and as that is the only relief sought, and the only remedy to which he is entitled under a proceeding of this character, we are constrained to the conclusion that it was error to render a personal judgment against appellants, when the judgment should have been to subject the property improved to the payment of the claim. (See A. B. M. 575.)

Wherefore the judgment is reversed, and the cause remanded with directions to render a judgment subjecting the property of appellants opposite the improvements to sale to pay the amount assessed against them for the cost of said improvement with interest and the cost of the suit, and for further proceedings consistent herewith.

*Coke, for appellants.*

*Sherman, for appellees.*